UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN DENISE JACKS,

   Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

   Defendant.

CASE NO. 13-cv-05499 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 13, 14, 15).

After considering and reviewing the record, the Court finds that the ALJ failed to provide germane reasons for failing to credit fully opinions from one of plaintiff's treatment providers and he also failed to provide specific and legitimate reasons for

failing to credit fully an opinion from the state agency medical consultants, whose opinion he gave significant weight and relied on in determining plaintiff's RFC.

Therefore this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, KAREN DENISE JACKS, was born in 1966 and was 43 years old on the amended alleged date of disability onset of October 23, 2009 (*see* Tr. 11, 30, 152-55). Plaintiff obtained her GED and attended college classes for 5 or 6 years, but does not have a degree (Tr. 39-40).

Plaintiff has at least the severe impairments of "bipolar disorder, posttraumatic stress disorder (PTSD), substance addiction disorder, and borderline personality disorder (20 CFR 416.920(c))" (Tr. 13).

At the time of the hearing, plaintiff was living in a house with her ex mother-in-law and brother-in-law (Tr. 32).

## PROCEDURAL HISTORY

Before filing the Social Security applications that are the subject of this appeal, plaintiff filed a previous application for disability benefits and received an unfavorable decision by a different Administrative Law Judge, which was issued on September 21, 2009 (*see* Tr. 11, 71-86).

On October 23, 2009, plaintiff filed an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 152-55). The application was denied initially and following

reconsideration (Tr. 92-99, 105-14). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on October 25, 2011 (*see* Tr. 26-70). On February 21, 2010, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 8-25).

On May 17, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on August 27, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ improperly rejected the findings of plaintiff's therapist and improperly adopted the findings of the nonexamining State agency physicians; (2) Whether or not the ALJ provided specific and valid reasons to reject the lay witness testimony; and (3) Whether or not the ALJ addressed all of the limitations from all of plaintiff's impairments when assessing the residual functional capacity (RCF) and whether or not the step five findings are supported by law and fact (*see* ECF No. 13, p. 1).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to

engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

**(1)** **Whether or not the ALJ improperly rejected the findings of plaintiff's therapist and improperly adopt the findings of the nonexamining State agency physicians.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

    a.  Ms. Laura Fore, M.A., LMHC, MHP, other medical (lay) source

On July 26, 2010, Ms. Fore, who provided treatment for plaintiff, examined and evaluated plaintiff (*see* Tr. 491-500). She noted that during the course of treatment with plaintiff "this assessor has observed all symptoms described in this section" (*see* Tr. 496; *see also* Tr. 492-93). In the noted section, Ms. Fore indicated that she observed symptoms of increased goal-directed behaviors, which she opined were marked and would affect plaintiff's work activities as follows: "Impulsivity, reckless behaviors. Inability to complete tasks, ideas of grandeur" (*see* Tr. 492). Ms. Fore additionally indicated that she personally had observed symptoms of social anxiety in plaintiff, which she opined were severe and would affect plaintiff's work activities as follows: "Panic around people or in

social situation. Not getting along with people, lack of social skills can interrupt job shared tasks. Difficulties with seeking employment/interviews" (*id.*).

Similarly, Ms. Fore indicated that she had observed plaintiff's symptom of expansive/elevated mood, that this symptom had a marked effect on plaintiff's work ability in that plaintiff suffered from "Poor judgment skills. Lack of behavior management, Unpredictability" (*see* Tr. 493). She also indicated that she had observed plaintiff's symptom of racing thoughts, that the level of severity of this symptom was marked, and that it would affect plaintiff's work ability as follows: "Mind cannot focus or concentrate. Inconsistent job performance. Confusion" (*id.*).

Ms. Fore indicated diagnoses including schizoaffective disorder, bipolar type; posttraumatic stress disorder; cannabis dependence, severe, with physiological dependence, sustained full remission; and amphetamine dependence, severe with physiological dependence, sustained full remission, among other diagnoses (*see id.*). Ms. Fore rated plaintiff global assessment of functioning ("GAF") at 47, indicating the basis for this particular opinion as follows: "Serious Symptoms or serious impairment in social, occupational, or school functioning" (*id.*).

During her July, 2010 examination, Ms. Fore conducted a formal mental status examination ("MSE"), and noted plaintiff's behavior/psycho-motor activity as "trembling" and assessed plaintiff's level of consciousness as "highly distractable" (*see* Tr. 498). Ms. Fore assessed plaintiff's speech as pressured, her affect as flat and her thought processes as tangential (*see id.*). Ms. Fore observed that plaintiff was distracted (*see* Tr. 499). Ms. Fore indicated her observations that plaintiff "presented with flat

affect, pressured speech, tangential thought processing-required redirections to focus and respond congruently with interview questions, and eye contact was mixed" (*id.*).

Ms. Fore included her opinion regarding plaintiff's specific functional limitations affecting plaintiff's ability to work (*see* Tr. 494-95). She opined that plaintiff suffered from markedly severe limitation in her ability to understand, remember and follow simple instructions; to learn new tasks; to exercise judgment and make decision; to relate appropriately to co-workers and supervisors; to respond appropriately to and tolerate the pressures and expectations of a normal work setting; and to maintain appropriate behavior in a work setting (*see* Tr. 494).

Ms. Fore indicated the basis for her opinions, for example indicating that the marked limitation performing simple instructions is based on "Easily distracted. Requires redirection and repetitions to focus and complete simple tasks;" and that her opinion of marked limitation in plaintiff's ability to relate appropriately to co-workers and supervisors was based on Ms. Fore's observation as follows: "Socially isolative. Limited interactions and inappropriate/distractive behaviors" (*see id.*).

Ms. Fore indicated that mental health treatment was not likely to restore or improve substantially plaintiff's ability to work for pay because of her "Level of severity and persistence of mental health symptoms severely impacts ability to perform basic levels of functioning without intensive support and monitoring" (*see* Tr. 495).

The ALJ's summary of Ms. Fore's treatment notes and opinions indicate a very different picture of plaintiff's presentation and abilities than is reflected in this Court's discussion herein (*see* Tr. 18-19). The ALJ gave little weight to Ms. Fore's opinion by

finding that it was "inconsistent with her clinical findings," however, in doing so, the ALJ failed to discuss significant, probative evidence in the treatment record (*see* Tr. 18-19). The Acting Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Based on the relevant record, including the treatment record cited above and Ms. Fore's second July, 2011 DSHS psychological evaluation record not described herein (*see* Tr. 569-75), the Court concludes that the ALJ failed to discuss significant, probative evidence in the treatment record of Ms. Fore when evaluating Ms. Fore's opinion. *See Flores, supra*, 49 F.3d at 571. This omission results in an inaccurate reflection of Ms. Fore's treatment record, as presented in the ALJ's written decision. Therefore, the Court concludes that the ALJ's finding regarding the inconsistency between the record and Ms. Fore's opinions is not supported by substantial evidence in the record as a whole. *See Magallanes, supra*, 881 F.2d at 750 (*quoting Davis, supra*, 868 F.2d at 325-26).

The Court also notes that the ALJ relied on a finding that "M.A. Fore is a medical assistant and therefore her opinion does not qualify as a medical opinion from an acceptable medical source" (Tr. 19 (*citing* 20 C.F.R. §§ 404.1513(a), 416.913(a); SSR 06-03p)). Although defendant argues that this error is harmless, as the standard that the ALJ must meet to reject such evidence is the same regardless, the Court does not agree with defendant's contention.

Ms. Fore is not a medical assistant, but rather, as noted by plaintiff and reflected in the record, she is a licensed mental health counselor "LMHC" with a Masters of Arts degree "MA" (*see* Opening Brief, ECF No. 13, p. 11; *see also, e.g.*, Tr. 497). Had the ALJ correctly recognized that Ms. Fore was a licensed mental health counselor and not a medical assistant, not only might he have evaluated her opinion more thoroughly, something that appears to have been required, but also, he might have been more likely to give her treatment record with plaintiff and her opinions greater weight.

Although "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources. *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted), evidence from "other medical" sources, that is, lay evidence; can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Certainly, a licensed mental health counselor's opinion should not be discounted with nothing more than a single, broad statement that not only is unsubstantiated, but also is inaccurate.

Perhaps more importantly to the harmless error analysis, the ALJ failed to credit fully Ms. Fore's opinions, and did not provide accommodation for the opined limitations into plaintiff's RFC, on which the ALJ relied when making his step five finding and ultimate determination regarding disability.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Hence, based on the relevant record, the Court concludes that the ALJ's error in his evaluation of the record and opinions of Ms. Fore is relevant to the ultimate nondisability determination in the written decision and is not harmless error. *See id.*

    b.  Drs. Mary Gentile, Ph.D. and Bruce Eather, Ph.D., non examining state agency medical consultants

Here, Drs. Gentile and Eather opined that plaintiff should be limited to superficial work with coworkers (*see* Tr. 18, 463, 465, 487). The ALJ rejected this finding, although he gave significant weight to the remainder of their opinions (*see* Tr. 18). The ALJ based his failure to credit fully this opinion from Drs. Gentile and Eather on the basis of various notes from treatment reports (*see id.*). However, the Court already has concluded that the ALJ failed to discuss significant, probative evidence when reviewing the treatment records and plaintiff's MSE results, *see supra*, section 1. For this reason, and based on the relevant record, the Court concludes that the ALJ's finding that the opinion of Drs. Gentile and Eather that plaintiff was limited to superficial contact with co-workers was refuted by her treatment reports is not based on substantial evidence in the record as a whole.

**(2)    Whether or not the ALJ provided specific and valid reasons to reject the lay witness testimony.**

Here, plaintiff's former brother-in-law and roommate, Mr. Alton Kenneth Futch, provided lay testimony at plaintiff's administrative hearing regarding plaintiff's limitations (*see* Tr. 57-63). However, the ALJ rejected the lay statement with a finding that "he lacked insight regarding the claimant's impairments or treatment history" (*see* Tr. 19). This constitutes legal error, as lay witnesses are not evaluated on the basis of their medical knowledge or understanding of medical impairments or treatment history.

As noted, pursuant to the relevant federal regulations, in addition to acceptable medical sources, there are "other sources," such as friends and family members, who are defined as "other non-medical sources," *see* 20 C.F.R. § 404.1513 (d). *See also Turner*, *supra*, 613 F.3d at 1223-24. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis*, *supra*, 236 F.3d at 511).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Testimony from "other non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. *Valentine v. Comm'r SSA,* 574 F.3d 685, 694 (9th Cir. 2009) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).

Here, the ALJ appears to fail to credit the lay witness's testimony due to lack of medical knowledge, finding that he did not have insight into her medical impairments or her treatment history (*see* Tr. 19). However, in addition to medical sources, ALJ's are required to assess lay witness testimony, because as noted by the Ninth Circuit, lay witness testimony is "competent evidence," which an ALJ may not discredit "as not

supported by medical evidence in the record." *Bruce*, *supra*, 557 F.3d at 1116 (*citing Smolen*, *supra*, 80 F.3d at 1289).

Mr. Futch was an assistant manager of a Shell gas station (*see* Tr. 57). He testified that he saw plaintiff on a daily basis, and testified that he would not even hire her to run a cash register, due to her mood swings, which he has observed weekly (*see* Tr. 58-60). Mr. Futch indicated the reason as "you wouldn't – can't yell at customers and/or say something that might be off putting . . . ." (Tr. 59). He also testified that he did 95 percent of the shopping "because of people" (Tr. 61).

Because the opinions of Mr. Futch were not accommodated into plaintiff's RFC, and do not appear to have been considered by the ALJ, the ALJ's error in evaluating this lay testimony is not harmless error. In addition, the Court already has concluded that this matter should be reversed and remanded for further consideration of the medical evidence, *see supra*, section 1. Therefore, the lay testimony should be assessed anew.

**(3)   Whether or not the ALJ addressed all of the limitations from all of plaintiff's impairments when assessing the RCF and whether or not the step five findings are supported by law and fact.**

This Court already has concluded that this matter must be remanded for further consideration of the medical evidence, *see supra*, section 1. Therefore, plaintiff's RFC will have to be determined anew, and plaintiff's arguments on this point will not be discussed. However, the Court notes that the question of whether or not a claimant's limitations in concentration, persistence or pace are accommodated adequately in a RFC with a limitation to simple, routine, repetitive tasks generally will be a fact-specific

determination. Following remand of this matter, specific limitations regarding concentration, persistence or pace should be discussed thoroughly by the ALJ.

### (4) Whether this matter should be reversed and remanded for an award of benefits, or for further administrative proceedings.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen, supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. The evidence regarding plaintiff's mental impairments is not conclusive and should be evaluated anew. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

## CONCLUSION

The ALJ failed to provide germane reasons for discrediting opinions from one of plaintiff's treatment providers and he also failed to provide specific and legitimate reasons for failing to credit fully an opinion from the state agency medical consultants. All of the DSHS evaluations completed by Ms. Fore should be evaluated specifically by the ALJ following remand of the matter, with germane reasons given for any rejection of Ms. Fore's opinions.

The ALJ also erred by providing improper reasons for discounting lay testimony.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 8th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge