UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN DENISE JACKS,

Plaintiff,

v.

CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 13-cv-05499 JRC

ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter is before the Court on plaintiff's Motion and Memorandum in Support of Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 20). Defendant has no objection to plaintiff's request (*see* Dkt. 22).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the

1  fee requested, taking into consideration the character of the representation and results achieved.

2  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

3  fee agreement is the primary means for determining the fee, the Court will adjust the fee

4  downward if substandard representation was provided, if the attorney caused excessive delay, or

5  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

6  (9th Cir. 2009) (citing *Grisbrecht, supra*, 535 U.S. at 808).

7       Here, the representation was standard, at least, and the results achieved excellent (*see*

8  Dkts. 16, 20). *See Grisbrecht, supra*, 535 U.S. at 808. There has not been excessive delay and

9  no windfall will result from the requested fee.

10       Plaintiff's total back payment was $45,246.00 (*see* Dkt. 20, p. 1 fn. 1). Plaintiff has

11  moved for a net attorney's fee of $4,522.67 (*see* Motion, Dkt. 20, p. 1), and the Court has

12  considered plaintiff's gross attorney's fee of $11,311.50 and the EAJA award received by

13  plaintiff's attorney in the amount of $6,788.83 (Dkt. 19). *See Parish v. Comm'r. Soc. Sec.*

14  *Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

15       Based on plaintiff's motion and supporting documents (*see* Dkts. 20, 23; *see also* Dkt.

16  18), and with no objection from defendant (Dkt. 22), or from plaintiff (*see* Dkt. 23), it is hereby

17  ORDERED that attorney's fees in the amount of $4,522.67 be awarded to plaintiff's attorney

18  pursuant to 42 U.S.C. § 406(b). This amount, minus any applicable processing fee, should be

19  released by defendant to plaintiff's attorney, Rosemary B. Schurman, Esq., at 8123 NE 115 Way,

20  Kirkland, WA 98034, or via direct deposit.

21       Dated this 2nd day of June, 2016.

22

23                                       J. Richard Creatura

24                                       United States Magistrate Judge